UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MICHAEL SCOTT NIESEN, Deceased *ex rel.*, MARY F. RILEY and JOHN E. NIESEN, his Mother, Brother and Next Friends; and the said MARY F. RILEY and JOHN E. NIESEN, individually as Plaintiffs Herein<br><br>Plaintiffs<br><br>vs.<br><br>CITY of CLEARWATER, FLORIDA, a municipal corporation; CLEARWATER POLICE DEPARTMENT; MARK F. CAIRNS; MICHAEL J. EGGER; EDWARD R. GARNER; JAMES H. GRAVELY; CHARLES BUTLER; RICHARD YERBY; and other JOHN DOEs, as yet unnamed,<br><br>Defendants | CASE NO. 8:07CV 623-T-24TBM |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs MICHAEL SCOTT NIESEN, Deceased, *ex rel.* MARY F. RILEY and JOHN E. NIESEN, his Mother, Brother and Next Friends; and the said MARY F. RILEY and JOHN E. NIESEN, individually, all Plaintiffs herein, and for their Complaint against the above named Defendants, states as follows:

1

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. Section 1331, because this case arises under the Constitution and laws of the United States; (b) 28 U.S.C. Section 1343, because this action seeks redress and damages for violations of 42 U.S.C. Sections 1983, 1985 and 1986 and in particular, *inter alia* the due process, unreasonable search and seizure, equal protection and cruel and unusual punishment provisions (including the right to receive adequate medical treatment), all guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and, ©) 28 U.S.C. Section 1332, since there is diversity of citizenship and this is a civil action involving, exclusive of interest and costs, a sum in excess of $75,000.00.

2. All conditions and requirements precedent to the filing of this Complaint have been accomplished;

## VENUE

3. Venue is appropriate in this judicial district under 28 U.S.C. Section 1391(b), because most (if not all) of the Defendants reside here, and a substantial part of the events giving rise to this Complaint occurred here.

## THE PARTIES

### The Plaintiffs

4. Plaintiff MICHAEL SCOTT NIESEN, Deceased, *ex rel.* MARY F. RILEY and JOHN E. NIESEN, his Mother, Brother and Next Friends was at all times material a citizen of the State of Georgia, and is presently physically interred in the ground in the State of Georgia;

2

5. Plaintiff MARY F. RILEY is the Mother and one of the Next Friends of Plaintiff MICHAEL SCOTT NIESEN and is a citizen of the State of Georgia. Plaintiff MARY F. RILEY was entitled to enjoy the love, association and consortium with her son, Michael Scott Niesen;

6. Plaintiff JOHN E. NIESEN is the older Brother and one of the Next Friends of Plaintiff MICHAEL SCOTT NIESEN and is a citizen of the State of Georgia. Plaintiff JOHN E. NIESEN was entitled to enjoy the love, association and consortium with his younger brother, Michael Scott Niesen ;

## The Defendants

7. Defendant CITY of CLEARWATER, FLORIDA is a municipal corporation organized and existing under the laws of the State of Florida and pursuant to its authority, operates the Defendant CLEARWATER POLICE DEPARTMENT, in the City of Clearwater, County of Pinellas, State of Florida, and as such was and is responsible for the policies, practices, customs, crimes, torts and wrongs of the said Clearwater Police Department, and was the employer of the herein listed Defendant police officers, both named, unnamed and "JOHN DOE" officers;

8. Defendant MARK J. CAIRNS was at all times pertinent hereto a duly appointed and sworn law enforcement officer and employee of the City of Clearwater, Clearwater Police Department and as such was its agent, servant and/or employee, acting under color of law;

8. Defendant MICHAEL J. EGGER, was at all times pertinent hereto a duly appointed and sworn law enforcement officer and employee of the City of Clearwater, Clearwater Police Department and as such was its agent, servant and/or employee, acting under color of law;

9. Defendant EDWARD R. GARNER was at all times pertinent hereto a duly appointed and sworn law enforcement officer and employee of the City of Clearwater, Clearwater Police

Department and as such was its agent, servant and/or employee, acting under color of law;

10. Defendant CHARLES BUTLER was at all times pertinent hereto a detective and a duly appointed and sworn law enforcement officer and employee of the City of Clearwater, Clearwater Police Department and as such was its agent, servant and/or employee, acting under color of law;

11. Defendant JAMES H. GRAVELY was at all times pertinent hereto a duly appointed and sworn law enforcement officer and employee of the City of Clearwater, Clearwater Police Department and as such was its agent, servant and/or employee, acting under color of law;

12. Defendant RICHARD YERBY was at all times pertinent hereto a duly appointed and sworn law enforcement officer and employee of the State Attorney in and for the 6th Judicial Circuit of Florida, Pinellas County, Florida and as such was its agent, servant and/or employee, acting under color of law;

13. Defendants JOHN DOES were at all times pertinent hereto duly appointed and sworn law enforcement officers and employees of the City of Clearwater, Clearwater Police Department and as such were its agents, servants and/or employees, acting under color of law.

## FACTS

14. At all times material hereto, Michael Scott Niesen was an 18 year old teenager and resident of the Atlanta, Georgia area;

15. Since the time of his early teens, Michael Scott Niesen had worked and been in training to become a master piano technician, and was scheduled to begin taking college classes beginning in the Fall of 1977 at the DeKalb County (Georgia) Community College;

16. Shortly on or before July 13, 1977, Michael Scott Niesen and a 17 year old teenage

4

companion left the Atlanta, Georgia area and drove to Pinellas County, Florida, in the Middle District of Florida. The teenage boys' intent was to spend time on Clearwater Beach, "look for girls" and "hang out";

17. On the evening of July 13, 1977, Michael Scott Niesen was driving a borrowed 1968 Ford Pick-Up truck in the vicinity of Island Way and the Causeway in Clearwater, Florida. The truck in question had been lent to his teenage companion by an acquaintance in Georgia and unbeknownst to Michael Scott Niesen, his juvenile companion had not timely returned it to that person as agreed. As a result, it had apparently been reported to Georgia authorities as being stolen ;

18. While driving as noted above, Michael Scott Niesen was subjected to a traffic stop by Clearwater Police Department (CPD) Officer Ronald Mahony for an alleged traffic violation. Officer Mahony then proceeded to "ticket" Michael Scott Niesen for the alleged infraction;

19. As Michael Scott Niesen pulled away from the scene of the stop at Island Way and the Causeway, Officer Mahony suddenly and inexplicably jumped into the bed of the pick-up, made his way to the cab area and as the truck was accelerating, pointed his service revolver inside the cab area in the direction of Michael Scott Niesen's head;

20. Apparently alarmed and in fear for his safety, Michael Scott Niesen accelerated the truck, which went out of control, throwing officer Mahony to the pavement. The truck then rolled over and came to rest to the south of the eastbound lanes of the Causeway;

21. As a result of being thrown from the bed of the truck, Officer Mahony suffered grave injuries which resulted in his unfortunate death later that night. Michael Scott Niesen emerged from the accident relatively unharmed and with no life threatening injuries, as reported by

5

numerous witnesses, including several EMTs and as recently reported by one of the first responding CPD officers at the scene;

22. Michael Scott Niesen was taken into custody by CPD officers at the scene, handcuffed and placed at the base of a palm tree while medical personnel worked to save Officer Mahony's life;

23. Angry and seeking revenge for Officer Mahony's grave injuries, several responding officers of the CPD, to include upon information and belief Defendant MARK J. CAIRNS, savagely beat Michael Scott Niesen at the scene while he was in custody, handcuffed and defenseless. This beating was witnessed by one of the EMTs who later worked to save Michael Scott Niesen's life. As a result, Michael Scott Niesen suffered severe and fatal head wounds and other injuries to his body;

24. As a result of the beating administered to him by members of the CPD, Michael Scott Niesen died the next day from the closed head wounds he received as a result of the savage attacked by members of the CPD;

25. In order to cover up their crimes and to deflect attention away from the unjustified beating and wrongful death of Michael Scott Niesen, initial responding members of the CPD to include upon information and belief Defendants MARK J. CAIRNS, MICHAEL J. EGGER and EDWARD R. GARNER and other persons, including upon information and belief Defendants CHARLES BUTLER, JAMES H. GRAVELY and RICHARD YERBY authored false, fraudulent, incomplete, misleading and deceptive reports, memoranda and other official documents and writings all under color of law that falsely and fraudulently claimed and maintained that Michael Scott Niesen was rendered unconscious as a result of the accident; that

he never regained consciousness; and that he wantonly and villainously caused the death of Officer Mahony;

26. On or about October 30, 2006, Defendant EDWARD R. GARNER finally began telling the truth about the events of July 13, 1977. In this regard, Defendant EDWARD R. GARNER (a first-responder at the scene on the night in question, along with Defendants MARK J. CAIRNS and MICHAEL J. EGGER) related that Michael Scott Niesen had survived the subject accident, was alive, unhurt and talking immediately after the accident;

27. Defendant EDWARD R. GARNER further related that he (along with other sworn law enforcement personnel of the CPD, to include the other Defendants and members of the CPD named herein) authored false police reports and other official documents at the direction of CPD management and all in order to "cover-up" what occurred with regard to the murder of Michael Scott Niesen. In this regard, Defendant EDWARD R. GARNER and the other CPD Defendants named herein were told to lie in official reports about what occurred because according to CPD commanders, "we have got to get 'this one' right", or words to that effect. Defendant EDWARD R. GARNER further related that the unwritten but well understood and so-called "Blue Wall of Silence" operated to keep the conspirators quiet about the murder of Michael Scott Niesen;

28. As a result of the initial lies told about the death of Michael Scott Niesen, a concerted effort exists to this day between the Defendants named herein to "cover up", minimize and mislead the family of Michael Scott Niesen and the public about what really happened on the night of July 13, 1977. This effort has included, *inter alia*, certain false and defamatory comments about members of the family and other persons validly looking into the facts and circumstances of the death of Michael Scott Niesen, as well as "halfhearted", sometimes

7

fraudulent, and misleading so-called efforts to "reinvestigate" what occurred by various co-conspirators. This wrongful conduct has had the purpose and effect of continuing to perpetuate the false and fraudulent notion that Michael Scott Niesen was rendered unconscious and died from injuries sustained in the subject accident, and has, up to this time, prevented those responsible for his wrongful death and its "cover-up" from being brought to justice. As a result, Plaintiffs contend that Defendants should be equitably estopped from asserting a defense claiming that the statute of limitations has expired in this cause.

## COUNT ONE

### CONSPIRACY TO VIOLATE MICHAEL SCOTT NIESEN'S CIVIL RIGHTS
### (TITLE 42, UNITED STATES CODE, SECTION 1985)

29. Plaintiffs incorporate herein by reference as if set forth fully paragraphs 1 through 25;

30. From on or about July 13, 1977 through and including the present time, at Clearwater, in the Middle District Florida and elsewhere, the Defendants named herein, along with certain co-conspirators both known and unknown to the Plaintiffs, did knowingly and willfully combine, conspire, confederate and agree together and with each other, under color of statute, ordinance, regulation, custom and usage of the State of Florida and the City of Clearwater, Florida, to subject and cause to be subjected Michael Scott Niesen, a citizen of the United States and a resident of the State of Georgia, to the deprivation of certain rights, privileges and immunities secured to the said Michael Scott Niesen by the Constitution and laws of the United States and the State of Florida, and to injure, oppress, threaten and intimidate the said Michael Scott Niesen in the free exercise and enjoyment of those certain rights, privileges and immunities secured to him by those laws, and because of his having exercised the same, *to*

*wit:*

31. The right guaranteed to the said Michael Scott Niesen to be free from unreasonable search and seizure of his person under the Fourth Amendment and other applicable provisions of the Constitution of the United States and the laws;

32. The right guaranteed to the said Michael Scott Niesen to be free from the use of unreasonable and excessive force against his person under the due process and liberty interests guaranteed to him by the Fifth and Fourteenth Amendments and other applicable provisions of the Constitution of the United States and the laws;

33. The right guaranteed to the said Michael Scott Niesen to be free from cruel and unusual punishment guaranteed to him by the Eighth Amendment and other applicable provisions of the Constitution of the United States and the laws;

34. The right guaranteed to the said Michael Scott Niesen to not be deprived of his life, liberty and property without being afforded due process of law guaranteed to him by the Fifth and Fourteenth Amendments and other applicable provisions of the Constitution of the United States and the laws;

35. The right guaranteed to the said Michael Scott Niesen to receive adequate medical treatment while in the custody and under the control of the Clearwater Police Department and guaranteed to him by the Fourth, Eighth and Fourteenth Amendments and other applicable provisions of the Constitution of the United States and the laws;

36. The right guaranteed to the said Michael Scott Niesen to the equal protection of the laws guaranteed to him by the Fourteenth Amendment and other applicable provisions of the Constitution of the United States and the laws.

## OBJECTS, MANNER AND MEANS OF THE CONSPIRACY

37. It was an object and a part of the said conspiracy that one or more of the Defendants would and did under color of law, knowingly and unlawfully assault, batter, beat, maim, render unconscious, physically injure, and cause the wrongful death of the said Michael Scott Niesen all while in their custody and under their control as members of the Clearwater Police Department, and all in retaliation for the injuries and resultant death suffered by Officer Ronald Mahony in a certain pick-up truck accident involving the said Michael Scott Niesen;

38. It was further an object and a part of the said conspiracy that one or more of the Defendants would and did under color of law, direct, order and supervise a "cover-up" by overseeing the writing of false and fraudulent official reports in CPD Case #77-12268, in supplements thereto and in other official documents and reports all in order to wrongfully create and sustain the false and fraudulent impression that the said Michael Scott Niesen had suffered fatal injuries; that he was rendered unconscious and never regained consciousness; and, that he ultimately died as a result of injuries received in the said pick-up truck accident;

39. It was further an object and a part of the said conspiracy that one or more of the Defendants would and did under color of law, in fact participate in the said "cover-up" by authoring false and fraudulent official reports in CPD Case #77-12268, in supplements thereto and in other official documents and reports all in order to wrongfully create and sustain the false and fraudulent impression that the said Michael Scott Niesen had suffered fatal injuries; that he was rendered unconscious and never regained consciousness; and, that he ultimately died as a result of injuries received in the said pick-up truck accident;

40. It was further an object and a part of the said conspiracy that one or more of the Defendants would and did under color of law, deliver, mail and cause to be delivered and mailed the false and fraudulent reports generated in CPD Case #77-12268 as described, *supra* to the Office of the Medical Examiner for the 6th Judicial Circuit of the State of Florida, who, being misled thereby, unwittingly and falsely opined that the said Michael Scott Niesen died from a "closed head injury" sustained in "accident" as the "driver of (a) vehicle which rolled over", or words to that effect;

41. It was further an object and a part of the said conspiracy that one or more of the Defendants would and did under color of law, deliver, mail and cause to be delivered and mailed the false and fraudulent reports generated in CPD Case #77-12268 as described, *supra* to the State of Florida, Department of Health and Rehabilitative Services, Vital Statistics, who, being misled thereby, unwittingly and falsely listed in a "Certificate of Death" that the said Michael Scott Niesen died from a "closed head injury" sustained in an "accident" as the "driver of (a) vehicle which rolled over", or words to that effect;

42. It was further an object and a part of the said conspiracy that one or more of the Defendants would and did under color of law, deliver, mail and cause to be delivered and mailed the false and fraudulent reports generated in CPD Case #77-12268 as described, *supra,* along with a document entitled, "Florida Traffic Accident Report" to the Accident Records Bureau, Department of Highway Safety and Motor Vehicles, Tallahassee, Florida 32304, who, being misled thereby, unwittingly and falsely listed in the official records of the State of Florida that the said Michael Scott Niesen "was thrown from (his) vehicle", or words to that effect;

43. It was further an object and a part of the said conspiracy that one or more of the

11

Defendants, to include, upon information and belief, Defendant RICHARD YERBY would and did under color of law, render false and fraudulent official reports in so-called "re-investigations" and "follow-on" inquiries requested *inter alia,* by the Governor of the State of Florida and by the family of the said Michael Scott Niesen, claiming that certain witnesses had been interviewed when in fact this was not true, and all with the intent of protecting the guilty law enforcement parties involved and in order to perpetuate the false and fraudulent notion that the said Michael Scott Niesen had died as the result of an "accident";

44. It was further an object and a part of the said conspiracy that one or more of the Defendants, to include Defendants CITY of CLEARWATER and the CLEARWATER POLICE DEPARTMENT would and did under color of law through its agents and employees, make certain defamatory and denigrating comments to, as well as about, certain family members of the said Michael Scott Niesen, including Plaintiff John E. Niesen, who was libelously claimed by the CPD to be "deluded" in his lawful and respectful efforts at seeking redress and an investigation into his brother's murder. As a part of this effort at suppressing the truth, one or more of the Defendants would and did under color of law through its agents and employees, engaged in a campaign to denigrate certain other individuals lawfully investigating and looking into the facts and circumstances described herein, and falsely and tortiously claimed that they had "less than honorable motives", were "(un)professional. . ." and were "less than ethical", all in order to continue and perpetuate the ongoing "cover-up" of the facts and circumstances surrounding the wrongful death of the said Michael Scott Niesen.

All in violation of Title 42, United States Code, Section 1985.

## COUNT TWO

## DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES
## (TITLE 42, UNITED STATES CODE, SECTION 1983)

45.. Plaintiffs incorporate by reference as if set forth fully paragraphs 1. through 44;

46. Plaintiff Michael Scott Niesen, as a citizen of the United States, was entitled to be free from unreasonable search and seizure of his person under the Fourth Amendment to the Constitution of the United States;

47. Defendants, acting under color of state law, deprived Plaintiff Michael Scott Niesen of this Constitutional right by unreasonably, feloniously and forcibly taking him into custody and as a part thereof, by beating him to the point of grave injury, unconsciousness and resultant death, with no lawful justification or excuse, and all in wanton retaliation for the death of CPD Officer Ronald Mahony;

48. Plaintiff Michael Scott Niesen, as a citizen of the United States, was entitled to be free from the use of unreasonable and excessive force against him and his person, and was further entitled to not have false, fraudulent and untrue police reports and other evidence "manufactured" and wrongly created in an official effort to "cover-up" and mislead others (including, *inter alia* the public, certain reviewing officials and members of his family) to the fact that he had been severely beaten and killed thereby by members of the CPD and in fact had not suffered the fatal injuries that led to his death in a motor vehicle accident, all under the due process and liberty interests guaranteed to him by the Fifth and Fourteenth Amendments to the

13

Constitution of the United States;

49. Defendants, acting under color of state law, deprived Plaintiff Michael Scott Niesen of his right to be free from the use of unreasonable and excessive force against him and his person by unreasonably, violently, forcibly and feloniously beating him to the point of grave injury, unconsciousness and death, all with no lawful justification or excuse, and all in retaliation for the death of CPD Officer Ronald Mahony. Furthermore, Defendants, acting under color of state law, deprived Plaintiff Michael Scott Niesen of his right to not have false, fraudulent and untrue police reports and other evidence "manufactured" and wrongly created in an effort to "cover-up" and mislead others (including the public, certain reviewing officials and members of his family) to the fact that he had in fact been severely beaten and murdered by members of the CPD, and in fact had not suffered the fatal injuries that led to his death in a motor vehicle accident. As a result thereof, Plaintiff Michael Scott Niesen was deprived of his Constitutional rights, including deprivations of his liberty and property interests all without the due process of law guaranteed to him under the Fifth and Fourteenth Amendments to the Constitution of the United States.

50. Plaintiff Michael Scott Niesen, as a citizen of the United States, was entitled to be free from cruel and unusual punishment, to include not being subjected to and suffering a severe and life ending beating while in the custody of the CPD, under the Eighth Amendment to the Constitution of the United States;

51. Defendants, acting under color of state law, deprived Plaintiff Michael Scott Niesen of his right to be free from cruel and unusual punishment by unnecessarily, unreasonably, cruelly, and maliciously beating him to the point of grave injury, unconsciousness and death, all with no

lawful justification or excuse, and all in retaliation for the death of CPD Officer Ronald Mahony. As a result thereof, Plaintiff Michael Scott Niesen was deprived of his Constitutional rights, including his right to not be subjected to cruel and unusual punishment, guaranteed to him under the Eighth Amendment to the Constitution of the United States;

52. Plaintiff Michael Scott Niesen, as a citizen of the United States, was entitled to not be deprived of his life, liberty or property without due process of law, under the Fifth and Fourteenth Amendments to the Constitution of the United States;

53. Defendants, acting under color of state law, deprived Plaintiff Michael Scott Niesen of his right not to be deprived of his life, liberty and/or property without due process of law by unreasonably, violently, forcibly and feloniously beating him to the point of grave injury, unconsciousness and death, all with no justification and excuse, and all without a trial or other legal process to ensure that his rights were protected. In short, Defendants acted maliciously and wantonly as "judge, jury and executioner" with regard to Plaintiff Michael Scott Niesen, and as a result, Plaintiff Michael Scott Niesen was deprived of his right to not be deprived of his life, liberty and property without due process of law, under the Fifth and Fourteenth Amendments to the Constitution of the United States;

54. Plaintiff Michael Scott Niesen, as a citizen of the United States, was entitled to receive adequate medical treatment while in the custody of the CPD under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

55. Defendants, acting under color of state law, deprived Plaintiff Michael Scott Niesen of his right to receive adequate medical treatment while in the custody of the CPD by denying arriving medical units and emergency medical technicians access to Plaintiff Michael Scott

Niesen and by keeping such personnel away from CPD's "prisoner." As a result thereof, Plaintiff Michael Scott Niesen was denied adequate medical treatment guaranteed to him under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

56. Plaintiff Michael Scott Niesen, as a citizen of the United States, was entitled to the equal protection of the laws guaranteed to him under the Fourteenth Amendment to the Constitution of the United States;

57. Defendants, acting under color of state law, deprived Michael Scott Niesen of his right to the equal protection of the laws by discriminating against him in their treatment of him while in custody (to include, *inter alia*, beating him to death without affording him a trial or other due process rights), all in retaliation for the death of CPD Officer Ronald Mahony and contrary to their treatment of other such custodial individuals similarly situated to the said Plaintiff Michael Scott Niesen. As a result thereof, Plaintiff Michael Scott Niesen was denied the equal protection of the laws guaranteed to him under the Fourteenth Amendment to the Constitution of the United States

All in violation of Title 42, United States Code, Section 1983.

## COUNT THREE
## (TITLE 42, UNITED STATE CODE, SECTION 1986)

58. Plaintiffs incorporate by reference as if set forth fully paragraphs 1. Through 57;

59. Defendants, having knowledge of the wrongs conspired to be done as outlined hereinabove and incorporated herein as if set forth fully, and having knowledge of their commission and that they were about to be committed, had the power and duty to prevent and aid in preventing said wrongs, as well as a duty under law to do so;

60. Defendants, acting under color of law, neglected and refused to prevent and aid in preventing said wrongs, and failed to exercise reasonable diligence as such. As a result, Plaintiff Michael Scott Niesen was deprived of the Defendants' ability and duty under law to prevent and aid in preventing said wrongs, all resulting in his death;

61. Defendants are liable to the said Michael Scott Niesen, and to Plaintiffs Mary F. Riley and John E. Niesen, his mother, brother and next of kin, for damages as a result thereof.

All in violation of Title 42, United States Code, Section 1986.

WHEREFORE, Plaintiffs demand trial by jury and a judgment against Defendants, for compensatory, punitive and exemplary damages in excess of $75,000.00 together with costs, interest, attorney's fees and whatever additional relief that this Honorable Court finds equitable and just.

Respectfully submitted,

WALTER H. FOSTER, IV
Trial Counsel
FBN: 0104655
115 South Fielding Avenue, Suite 2
Tampa, FL 33606
(813) 740-1520
(813) 628-0154 Fax
fosterlaw@peoplepc.com